UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELSON M. DEBARROS, : |
|     Plaintiff, : |
| : |
| v. : C.A. No. 19-367WES |
| : |
| FAMILY PRACTICE GROUP, P.C., : |
| SUSAN REDMOND M.D., JENNIFER : |
| HILLERY, and ARLINGTON FAMILY : |
| PRACTICE, : |
|     Defendants. : |

## MEMORANDUM AND ORDER[1]
## TRANSFERRING VENUE TO THE DISTRICT OF MASSACHUSETTS

Patricia A. Sullivan, United States Magistrate Judge.

In his *pro se* complaint prepared with assistance from an attorney who is identified in the text, Plaintiff Elson M. DeBarros has sued a Massachusetts physician practice (Family Practice Group, P.C., and Arlington Family Practice), a Massachusetts physician (Dr. Susan Redmond) and a Massachusetts employee of one of the practices (Jennifer Hillery) in the District of Rhode Island. His complaint alleges that, in 2016, he sought medical treatment in Massachusetts at the practices, following which he sent flowers, a card and emails expressing love for Dr. Redmond. Based on this conduct, he was charged by the Commonwealth of Massachusetts with accosting and annoying a person of the opposite sex; his Massachusetts jury trial ended in a mistrial due to a hung jury. Plaintiff's pleading asserts claims against Defendants for malicious prosecution,

---

[1] A motion to transfer venue is properly referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). McEvily v. Sunbeam-Oster Co., 878 F. Supp. 337, 340 (D.R.I. 1994) (motion to transfer venue is nondispositive and magistrate judge should make determination). While Defendants' original motion was to dismiss (and therefore was referred for report and recommendation), it relies on 28 U.S.C. § 1406(a), which also contemplates transfer. Plaintiff's counter motion asks only for transfer and Defendants did not object. Because I find that transfer rather than dismissal is appropriate, I have addressed the motions in this memorandum and order. To the extent that Defendants wish to assert an objection to transfer in lieu of dismissal, they may do so as if that ruling were in a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), mindful that any objection must be both specific and timely (filed and served within fourteen days of the receipt of this decision). See Fed. R. Civ. P. 72(b)(2).

defamation and disability discrimination pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq*.); he also seeks a declaration that his right of privacy was breached. All of his allegations – both his federal question claim and his state law claims – pertain to events that occurred entirely in Massachusetts.

Now pending before the Court is Defendants' motion to dismiss based on lack of personal jurisdiction over all of the Massachusetts-based Defendants pursuant to Fed. R. Civ. P. 12(b)(2) and based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) because all Defendants and all operative events occurred completely in Massachusetts contrary to 28 U.S.C. § 1391(b). ECF No. 13. Plaintiff does not disagree; his response to Defendants' motion concedes that "[i]t's hereby evident that the matter cannot be heard or determined by the District Court of Rhode Island because it does not have personal jurisdiction over the defendants." ECF No. 15 at 1. Instead of opposing the motion, he filed a counter motion to transfer pursuant to 28 U.S.C. § 1404(a). ECF No. 15. Facing Plaintiff's convenience-based request for transfer, Defendants have not objected; their time to reply has come and gone.

Mindful of Plaintiff's *pro se* status,[2] the Court has carefully reviewed Defendants' motion and finds that it is more than adequate to establish that none of the named Defendants has sufficient contact with the District of Rhode Island to permit this Court to exercise general personal jurisdiction over them, as well as that the complaint's allegations rule out specific personal jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 126, 139 (2014) (no general jurisdiction unless parties' "affiliations with the State are so 'continuous and systematic' as to render [them] essentially at home in the forum State"); id. at 126 (citing "canonical opinion,"

---

[2] Plaintiff's motion has been read with the leniency required for all filings of *pro se* litigants. Diaz v. Wall, C.A. No. 17–94 WES, 2018 WL 1224457, at *3 (D.R.I. Mar. 8, 2018).

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (error to exercise jurisdiction over defendants lacking sufficient contacts for general jurisdiction based on claims insufficient for specific jurisdiction, which "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction'"). Accordingly, this Court lacks the jurisdiction to issue any orders as to these Defendants and the case cannot proceed here. United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1099 (1st Cir. 1992) (where "plaintiffs failed to establish that the court below was entitled to exercise *in personam* jurisdiction[,] . . . the district court's orders were *coram non judice* and, therefore, no more than serial nullities"). It is equally clear that venue is improper in this District. 28 U.S.C. § 1391(b); see Benedict v. Folsted, C.A. No. 18-242 WES, 2018 WL 3491697, at *3 (D.R.I. July 20, 2018) (when defendant is not resident of Rhode Island and no facts are alleged that would support the assertion of personal jurisdiction over defendant in Rhode Island, venue does not lie in Rhode Island).

The only question is whether the Court should dismiss as Defendants urge or transfer as Plaintiff requests.

To answer this question, federal law directs the Court to focus on what is just. Specifically, 28 U.S.C § 1631 provides that when a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." Relatedly, the statute invoked by Defendant, 28 U.S.C. § 1406(a), permits transfer when venue is improper "in the interest of justice." The First Circuit has interpreted § 1631 to establish a presumption in favor of transfer, rather than dismissal, when the forum court lacks

3

personal jurisdiction. TargetSmart Holdings, LLC v. GHP Advisors, LLC, 366 F. Supp. 3d 195, 213-14 (D. Mass. 2019) (citing Federal Home Loan Bank of Boston v. Moody's Corp., 821 F.3d 102, 119 (1st Cir. 2016), abrogated on other grounds, Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553 (2017)). And although § 1406(a) does not explicitly mention jurisdiction, the Supreme Court has interpreted its mandate to "authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). Consequently, it is clear that this Court may transfer this case under either 28 U.S.C. § 1631 or under 28 U.S.C. § 1406(a) if it is in the "interest of justice," which depends in turn on whether "the administration of justice would be better served by dismissal." Britell v. United States, 318 F.3d 70, 74 (1st Cir. 2003).

On this record, particularly with the parties essentially in agreement, there is no indication that dismissal, rather than transfer, would facilitate the speedy and efficient resolution of this case. Rather, it appears plain that all Defendants are subject to personal jurisdiction in Massachusetts, that the District of Massachusetts would have subject matter jurisdiction based on Plaintiff's pleading of a federal question and that venue would be proper there. Nor is this a circumstance where the core of the claims is so "fanciful or frivolous" such that "it is in the interest of justice to dismiss [the entire case] rather than keep it on life support (with the inevitable result that the transferee court will pull the plug)." TargetSmart Holdings, 366 F. Supp. 3d at 214. Rather, a transfer to the District of Massachusetts would allow the claims to move forward in a location with proper jurisdiction over all parties and the subject matter. Finding nothing on the record to rebut the presumption in favor of transfer, I hereby order the

4

case is transferred to the District of Massachusetts pursuant to both 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a).[3]

Based on the foregoing, Defendants' motion to dismiss (ECF No. 13) is granted in part to the extent they seek relief under 28 U.S.C. §§ 1631 and 1406(a) based on the lack of personal jurisdiction over any of Defendants and the improper venue in the District of Rhode Island. It is denied in part insofar as they ask for the remedy of dismissal. Plaintiff's motion to transfer (ECF No. 15) the case to the District of Massachusetts is granted in part in that transfer pursuant to 28 U.S.C. §§ 1631 and 1406(a) is in the interest of justice. It is denied in part because his request for transfer pursuant to 28 U.S.C. § 1404(a) is moot. Pursuant to 28 U.S.C. §§ 1631 and 1406(a), this case is transferred to the District of Massachusetts.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 3, 2019

---

[3] With no personal jurisdiction over any Defendant, I do not reach Plaintiff's request for transfer based on convenience pursuant to 28 U.S.C. § 1404(a). Although the District of Massachusetts is a "district . . . where [this case] might have been brought," id., it would not be appropriate to make findings about what is convenient for parties and witnesses in a case where Defendants have appeared specially only to contest personal jurisdiction. ECF No. 13 at 1 n.1.